**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-2700

_____

UNITED STATES OF AMERICA

v.

DAVID CRESPO, a/k/a Spray,
                                        Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 13-00428)
U.S. District Judge: Honorable Robert B. Kugler

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on April 28, 2023

Before: JORDAN, KRAUSE, and BIBAS, *Circuit Judges*

(Filed: May 1, 2023)

_____

OPINION[*]

_____

BIBAS, *Circuit Judge*.

David Crespo is serving a ten-year federal prison sentence for his role in a large methamphetamine conspiracy. He seeks compassionate release based on the COVID-19 pandemic, his health conditions, and his family members' ailments. The District Court

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

denied his motion without prejudice. It found that he had not presented extraordinary and compelling reasons for release and that the sentencing factors counseled against letting him out early. Reviewing for abuse of discretion, we will affirm. *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020).

First, Crespo argues that the District Court should not have consulted U.S. Sentencing Guideline §1B1.13 because it was superseded by the First Step Act. But as the Court noted, that Guideline remains a "useful guide" to what counts as "extraordinary and compelling." Supp. App. 4 (second quotation from U.S.S.G. §1B1.13(1)(A)); *accord United States v. Andrews*, 12 F.4th 255, 259–60 (3d Cir. 2021).

Second, the District Court properly discounted Crespo's COVID concerns. Crespo is fully vaccinated, as are many inmates and staff. His prison had no active COVID cases among prisoners and only three among staff.

Third, Crespo's health conditions do not warrant relief. Though his hypertension and obesity put him at greater risk if he contracted COVID, they do not make that risk extraordinary, especially since he is vaccinated. He has a mass on his neck, but there is no evidence that it is cancerous, and he is getting testing and treatment for it. Although Crespo suffers from anxiety, depression, bipolar disorder, and suicidal ideation, those mental conditions bear largely on the hardships of prison generally, which the District Court already considered at sentencing. And he is getting adequate medical and mental-health treatment.

Fourth, Crespo says he has been assaulted and raped in prison. As the District Court noted, these allegations are "extremely disturbing." Supp. App. 9 n.5. The right path to

2

relief, though, is through prison administrative processes or a civil-rights lawsuit, not a sentence reduction.

Fifth, Crespo's family conditions do not necessitate relief either. His desire to care for his ailing parents is laudable, but not an extraordinary or compelling reason to release him. And though the mother of his children has ailments too, the District Court found that she can still care for the children.

Finally, the District Court properly weighed the sentencing factors under 18 U.S.C. §3553(a). Crespo stresses that his crime was nonviolent, that his role in the conspiracy was marginal, and that he has rehabilitated himself. But his crime was serious, he has a long criminal record, and he has served only about two-thirds of his sentence. So the District Court found that he needed to stay in prison to face just punishment and deter him from future crime. Because the District Court properly applied the law and did not abuse its discretion in weighing these factors, we will affirm.